PROCEEDINGS
OHIO SUPREME COURT
GENERAL DOCKET
TUESDAY, FEB. 2, 1926

19082—Joseph Armuleuis v. Paul Koblitz; error to Cuyahoga Appeals. Judgment reversed. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 4-20-25; 3 Abs. 265; OS. Pend. 3 Abs. 316; No. OS. Op.

19104—Royal Indemnity Co. v. Day & Maddock Co.; error to Cuyahoga Appeals. Judgment reversed. Marshall, CJ., Matthias, Allen, Kinkade and Robinson, JJ., concur. Dock. 4-25-25; 3 Abs. 278. OS. Pend. 3 Abs. 437; OS. syll. post.

19174—Warren Peoples Market Co. v. Corbett & Sons; certified · by Summit Appeals. · Judgment affirmed. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 5-28-25; 3 Abs. 359; OA. 3 Abs. 555; OS. sylb. post.

19183—Eliza Atkinson v. Metropolitan Life Ins. Co. et al; error to the Columbiana Appeals. Judgment reversed. Marshall, CJ., Day, Allen, and Robinson, JJ., concur. Dock. 6-2-25; 3 Abs. 1925; OS. sylb. post.

MOTION DOCKET

19485—Elizabeth Schaeffer et al v. Spitzer Co.; motion for Lorain Appeals to certify. Overruled. Dock. 12-14-25; 4 Abs. 10; OA. 1 Abs. 869.

19501—Hyview Realty Co. v. Lake City Mortgage Co.; motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-19-25; 4 Abs. 24.

19517—Herbert J. Wolzier v. Clyde Thacker; motion for Vinton Appeals to certify. Overruled. Dock. 12-29-25; 4 Abs. 24.

19533—Detroit, Toledo & Ironton R. R. Co. v. Philip Zuber; motion for Putnam Appeals to certify. Overruled. Dock. 1-5-26; 4 Abs. 40.

19537—Cuyahoga Towel & Supply Co. v. Betty Fodor et; motion for Cuyahoga Appeals to certify. Overruled. Dock. 1-7-26; 4 Abs. 40.

## Abstracts of Last Week's
## SUPREME COURT OPINIONS

SYLLABI

No. 109

No. 19104—Royal Indemnity Co. v. Day & Maddock Co. Error to the Cuyahoga Appeals

1140. SURETY—1. The surety on the bond of contractor of public building, given under the provisions of 2365-1-2-4 GC., is not obligated to pay the rent and incidental expenses of machinery used by contractor on said buildings.

2. Surety on bond of public contractor, liable to the same extent as provided in Mechanics' Lien Laws, 8310, 8311 GC., on private contract of construction.

1104. STATUTES—Where statute denotes terms, conditions and form of bond, variation therefrom in the bond prescribed by the legislature, will not operate to extend the scope of such statute.

167. BONDS, SURETY—Bond executed in form provided by legislature will have as its beneficial obligees those designated in the statute requiring bond.

ROBINSON, J.

1. The surety on a bond executed by a contractor for the construction of a public building, in conformity to the requirements of Sections 2365-1,-2 and -4, General Code, does not thereby obligate himself, to pay the rental, contracted to be paid by the principal in the bond, for the use of a concrete mixer, hoisting engine or other machinery used as appliances or part of the equipment to facilitate the performance by the contractor of his contract, nor does he obligate himself for any other expense incident to such rental use.

2. Where a statute requires the execution of a bond, and defines the terms and conditions thereof, and prescribes a form which shall be substantially complied with, a variation by the legislature in the form prescribed from the terms and conditions required in the statute providing for the bond, may be considered by a court in determining the intention of the legislature and the meaning of the statute providing for the bond, but may not operate to extend the scope of such statute.

3. A bond executed substantially in the form provided by the legislature will be construed to comprehend as its beneficial obligees those designated in the statute requiring and defining the terms and conditions of the bond, and in interpreting such bond and determining who the beneficial obligees thereof are, reference will be had to such statute.

4. There is such an analogy between Sections 2365-1, -2 and 4, General Code, and Sections 8310 and 8311, General Code, that it is apparent that in the enactment of Sections 2365-1, -2 and -4, the legislature intended to require the surety upon the bond required to be furnished by the contractor for the construction of a public building, to be liable for such labor and material furnished for the construction of a public building as would be the subject of a lien under the Mechanic's Lien Law were the building privately owned.

Judgment reversed.

Marshall, CJ., Matthias, Allen and Kinkade, JJ., concur.

No. 110

No. 19174—Warren Peoples Market Co. v. Corbett & Sons, a partnership. Error to Summit Appeals.

1104. STATUTES—In construing statute, entire act must be examined to determine purpose of legislature.

157. BLUE SKY LAW—1. Blue Sky Law, 6373 GC., does not make void sales of stock made in violation thereof, but acts only to punish violators.

2. Non-compliance, with sub-section (f) of 6373-2 GC. will not bar recovery by corporation for stock subscription.

1085. SERVICE—Partnership of several individuals, none of whom were served or entered appearance in the action, cannot be held liable for the debt.

ALLEN, J.

1. In construing a statute which imposes specific penalties for its violation, the court must examine the entire act to determine whether or not it was the purpose of the legislature, in addition to imposing express penalties for the violation of · the law, to render void any contract based on the prohibited act.

2. Viewing the Blue Sky Law, Sections 6373-1, et seq., General Code, as a whole, it was